PACHECO, PETITIONER AND APPELLANT, *v.* MUNICIPAL JUDGE OF SAN JUAN, RESPONDENT AND APPELLEE.

APPEAL from the First District Court of San Juan in Mandamus Proceedings.

No. 3103.—Decided March 20, 1924.

CARRYING WEAPONS—RETURN OF PROPERTY.—When on trial for carrying weapons a defendant is acquitted and it is proved that he is the owner of the weapon, it is the duty of the court to return it to him.

The facts are stated in the opinion.

*Mr. E. Campillo* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below dismissed a petition for mandamus for reasons stated as follows:

"In this case a petition for a writ of mandamus was presented to command the Municipal Judge of San Juan, Second Section, to deliver a pistol or revolver said to be retained by the said judge after a trial against Luis Pacheco Vidal, the petitioner, for the offense of carrying arms.

"The petition alleges that the petitioner was acquitted in the same court of the offense with which he was charged and on this acquittal he bases his right to the return of the firearm.

"The court is of the opinion that the writ of mandamus does not lie, inasmuch as the judge of the lower court has discretion to return or not a firearm admitted in evidence in a criminal action and a judgment of acquittal of a person charged with the offense

of carrying arms decides nothing regarding the ownership of the arm seized. If the arm really belongs to the petitioner and if it was unlawfully seized, he has an efficient remedy in law to demand its return. The case might arise of a person charged with the offense of carrying arms pleading at the trial that the arm was not seized from his person and being acquitted on the strength of testimony to that effect. Would that judgment implicitly carry with it the obligation to return to the defendant the arm seized if the court was unable to decide whether or not it was his property? The answer must be in the negative."

The petition is not based solely and exclusively upon the fact of an acquittal as stated by the district judge, but also alleges that petitioner has been deprived of his property without due process of law and quotes from the ruling made by the municipal judge the following paragraph:

"But the fact that the revolver or pistol seized belongs to the defendant was duly proved and not contradicted; and it is clear that if the court was unable to find out whether the acts charged in the complaint were true, or the facts established by the evidence of the defence, it could hardly be concluded that the arm was illegally seized, and therefore that it should be returned to the defendant. The motion should be dismissed."

Section 26 of the Penal Code says that—

"No conviction of any person for crime works any forfeiture of any property, except in cases in which a forfeiture is expressly imposed by law."

A fortiori it would seem that no court has any power, discretionary or otherwise, to confiscate the property of any person accused of crime, after an acquittal, in the absence of any statutory authority therefor and in a case in which there is no question as to ownership.

The judgment appealed from must be reversed and the case remanded.

Reversed and remanded.

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.